SUESSKIND-SCHATZ CO. v. LORIA.

(Supreme Court, Appellate Term.   June 1, 1906.)

TROVER AND CONVERSION—EVIDENCE—SUFFICIENCY.

In an action for the conversion of tobacco by a truckman employed by plaintiff to haul the tobacco to plaintiff's place of business, evidence that it was delivered to defendant, and that he refused to deliver it to plaintiff, and failed to account for it, was sufficient to show conversion.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, § 236.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Suesskind-Schatz Company against Henry Loria. From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Eugene Cohn and Julius Levy, for appellant.
I. T. Flatto, for respondent.

GILDERSLEEVE, J.   The plaintiff brought this action for the conversion by defendant of a case of tobacco of the value of $85.   Evidence was adduced on both sides tending to show the entire transaction.   The trial court dismissed the complaint, and the plaintiff appeals.   It is clearly established by the evidence that plaintiff never recovered the case of tobacco in question, and that the action was properly brought for conversion.   The plaintiff is a corporation, and the evidence it offered shows that it had stored in the Linde Hamilton Storage Warehouse two cases of tobacco, one marked "No. 263" and another marked "No. 161."   The defendant is a truckman, and plaintiff gave to defendant a written order on the warehouse for the two cases of tobacco.   The day following the date of the order plaintiff received the case of tobacco No. 161, and also a case of tobacco other than the case in question, No. 263, and not belonging to the plaintiff.   It appears by the uncontradicted evidence that the defendant's driver received from the warehouse the two cases numbered, respectively, 161 and 263.   It further appears from the evidence that defendant had a place of business where he was accustomed to receive packages of goods from his various patrons, and that from this point he distributed the goods to their respective destinations.   Just what became of the case No. 263 does not appear.   Since there is no specific evidence of dishonesty, it may, perhaps, be reasonable to infer that, in some unexplained way, there was a substitution in place of the case No. 263 of the case received by the plaintiff, but not belonging to it, and for which there seems to be no lawful claimant.   The proof offered by the plaintiff, that its two cases of tobacco were delivered over to the possession of defendant, is met by no evidence produced by defendant.   Just what happened it is not necessary for the plaintiff to show.   It was sufficient to show that the case of tobacco in question had passed into the possession of defendant; that the latter refused to deliver it to plaintiff on the latter's demand therefor, and that he failed to account for its whereabouts.

There is a clear preponderance of proof in support of the plaintiff's cause of .action, and we think it was error for the learned court below to render judgment in favor of defendant.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

DAVIS, J., concurs. CLINCH, J., took no part.